# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GERMAINE MUSIC; GENERAL CROOK,

    Plaintiffs,

v.

UNIVERSAL SONGS OF POLYGRAM, *et al,*,

    Defendants.

2:03-cv-00047-PMP-LRL

**ORDER**

    Before the court is Germaine Music and General Crook's ("plaintiff") Motion to Compel Responses to Discovery Requests and Deposition Questions (#116), defendant UMG Recordings, Inc.'s ("UMG") Opposition (#120), and plaintiff's Reply (#124). Prior to the filing of the motion, the parties met and conferred, but were unable to resolve their differences informally. The court notes that though plaintiff is now proceeding *pro se*, the instant motion was filed by his former counsel.

**I. Timeliness of Motion to Compel**

    UMG argues that plaintiff's Motion to Compel was filed untimely. At a status conference conducted by Judge Pro on March 28, 2006, the court ordered that motions to compel be filed by April 14, 2006. (*See* Docket No. 111). The undersigned has listened to the hearing in its entirety. When put in context, it is clear that the deadline is in reference to discovery that was produced by UMG prior to the hearing. At issue was the sufficiency of the discovery responses. UMG's position that Judge Pro set a deadline by which to file motions to compel with regard to discovery that had not yet been undertaken is illogical.

    Interrogatory No. 20 is from plaintiff's Third Set of Interrogatories and was served on May 19, 2006; Document Request Nos. 14 and 15 are from plaintiff's Third Set of Requests for Production of

1  Documents and Things and was served on May 17, 2006; and the 30(b)(6) deposition of JoAn Cho was
2  taken on June 27, 2006. Thus, all of the discovery at issue was requested after the March 28, 2006
3  hearing. Moreover, as a general matter, a motion to compel may be filed even after the close of
4  discovery. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). For these reasons, the
5  court finds that the plaintiff's motion to compel is timely.

**II. Motion to Compel**

District courts have broad discretion in their resolution of discovery issues. *See Laub v. United States Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Relevance under Federal Rules of Civil Procedure 26(b)(1) is construed more broadly for discovery purposes than for trial. *Kerr v. United States Court for the N. Dist. of California*, 426 U.S. 394, 399 (1976) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2015 (2d ed. 1994)). To be discoverable, evidence need not be admissible; it is relevant for discovery purposes if is reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). At the same time discovery has ultimate and necessary boundaries. *Id.*

**A. Interrogatory No. 20 and Document Request Nos. 14 and 15**

Since the filing of this motion, Judge Pro has dismissed plaintiff's copyright infringement claim. (*See* Order (#126)). The only remaining cause of action is for breach of contract. The discovery requested by plaintiff in Interrogatory No. 20 and Document Request Nos. 14 and 15 relates solely to his copyright infringement claim. Thus, the requested information is not relevant to the remaining count and UMG will not be required to respond to Interrogatory No. 20 or Document Request Nos. 14 and 15 .

**B. 30(b)(6) Deposition**

Plaintiff requests the court to compel UMG's in-house counsel, JoAn Cho, to respond to two questions:

> 1) Do you recall if there are any other documents regarding Germaine

        Music on the CD that were not produced?
        2) Do you believe there are documents regarding Germaine Music on the
        CD that have not been produced in this case?
(Mot. (#116) at 7)

Ms. Cho was directed not to answer these questions based on attorney-client privilege and work product. UMG claims Ms. Cho located and reviewed documents related to *Message to the World*. Thus, UMG argues, if Ms. Cho observed documents not related to *Message to the World* during this process, she would disclose "her analysis, conclusions, and mental impressions." (Opp'n (#120) at 6).

The party asserting a privilege has the burden of making a *prima facie* showing that the information being withheld is indeed privileged. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D. Nev. 1994). UMG's assertions of privilege are generalized and conclusory. Plaintiff asked whether documents existed regarding Germaine Music, not just those pertaining to *Message to the World*. Whether a document exists is merely a question of fact; these questions do not implicate a privilege.

Because of the narrow scope of the questions, the deposition need not be reconvened. Rather, Ms. Cho will answer each question in writing and serve the answers on plaintiff. In addition, if the answer to either question is yes, Ms. Cho will list which documents UMG possesses regarding Germaine Music that have not been produced, or produce such documents. If UMG withholds any documents on the basis of privilege, it shall provide a detailed privilege log. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993).

. . .
. . .
. . .
. . .
. . .
. . .
. . .

1  Accordingly and for good cause shown,

2  IT IS ORDERED that plaintiff's Motion to Compel Responses to Discovery Requests
3  and Deposition Questions is GRANTED to the extent Ms. Cho must answer the deposition questions
4  in writing and detail or produce any applicable documents, as described above.

5  DATED this 19th day of December, 2006.

*/s/ Lawrence R. Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**